# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA SERRANO, *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1639 |
| | § | |
| INTERLINGUAL OF AMERICA, | § | |
| INC., | § | |
|    Defendant. | § | |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on Plaintiffs' Motion for Partial Summary Judgment ("Motion") [Doc. # 23], to which Defendant neither responded nor requested additional time to do so.[1] The Court has considered the Motion, the record, and applicable legal authorities. Absent evidence to support the "white-collar" exemption and absent any argument in opposition to the Motion, the Court **grants** Plaintiffs' Motion.

## I.    FACTUAL BACKGROUND

---

[1] Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. However, when a party fails to respond to a motion for summary judgment, the Court must nevertheless consider the merits of the motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

Defendant Interlingual of America, Inc. ("Interlingual") sells computers and software for self-study English as a second language. Plaintiffs were employed by Interlingual as bill collectors. Plaintiffs allege they worked in excess of forty hours per week, but were not paid overtime wages required by the FLSA. In its Answer [Doc. # 5], Interlingual asserted that Plaintiffs are exempt employees, but identified no specific exemption. In their Motion, Plaintiffs represent that Interlingual has indicated to them that it intends to rely on the executive, administrative, and professional exemption to the FLSA, 29 U.S.C. § 213(a)(1).

## II.   STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)). If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of*

*Houston,* 185 F.3d 521, 525 (5th Cir. 1999). The nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### III.   ANALYSIS

Employees occupying "bona fide executive, administrative, or professional" positions are exempt from the overtime requirements of the FLSA under the "white-collar" exemption. *See* 29 U.S.C. § 213(a)(1); *Prater v. Commerce Equities Mgmt. Co., Inc.*, 2007 WL 4146714, *4 (S.D. Tex. Nov. 19, 2007). "The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." *Id.* An element of the white-collar exemption is that the employee is paid a salary of not less than $455.00 per week. *See id.* The employer bears the burden of proving that an employee is exempt from the FLSA. *See Vela v. City of Houston*, 276 F.3d 659, 666-67 (5th Cir. 2001).

Plaintiffs have presented pay records that show that they were not paid at least $455.00 per week. *See* Exh. A to Motion. Defendant has not presented any evidence to the contrary. As a result, Defendant has not raised a genuine issue of material fact

regarding the applicability of the white-collar exemption, and Plaintiffs are entitled to summary judgment on the exemption issue.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment [Doc. # 23] that they are not exempt under the white-collar exemption to the FLSA is **GRANTED**.

SIGNED at Houston, Texas this **23rd** day of **July, 2008.**

_____
Nancy F. Atlas
United States District Judge